No. 52,961

STATE OF KANSAS, *ex rel.*, NICK A. TOMASIC, WYANDOTTE COUNTY DISTRICT ATTORNEY, KANSAS CITY, KANSAS, *Relator,* v. KANSAS CITY, KANSAS PORT AUTHORITY, *Respondent.*

(626 P.2d 209)

Opinion filed April 1, 1981.

*Nick A. Tomasic,* district attorney, argued the cause and was on the brief for the relator.

*John A. Price,* of Weeks, Thomas & Lysaught, Chartered, of Kansas City, and *Norman E. Gaar,* of Gaar & Bell, of Kansas City, Missouri, argued the cause, and *Leonard O. Thomas* and *Donald C. Ramsay,* of Weeks, Thomas & Lysaught, Chartered, of Kansas City, and *John F. Steineger, Jr.,* of Kansas City, were with them on the brief for the respondent.

*Charles D. Kugler,* of Kugler and Dickenson, of Kansas City, argued the cause and was on the brief for *amicus curiae* The Piper Area Association, Inc.

*David Schauner,* of Topeka, was on the brief for *amicus curiae* Kansas National Education Association.

*Patricia Baker,* of Topeka, was on the brief for *amicus curiae* Kansas Association of School Boards.

*Lana Jeanne Tyree* and *John F. Cooper,* of Oklahoma City, Oklahoma, and *Robert Miller,* of Kansas City, were on the brief for *amicus curiae* Unified School District #203 of Wyandotte County, Kansas.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an original action in quo warranto brought by Nick A. Tomasic, Wyandotte County District Attorney (relator) challenging the constitutionality of the Port Authorities Act, K.S.A. 12-3401 *et seq.,* as amended, and requesting the court to oust the Kansas City, Kansas Port Authority (respondent) of all rights, powers, and authority that the court determines are in violation of the Constitution and laws of Kansas.

Due to the urgency of the matter and the public interest involved, this action was given a preferential setting in our court. The case has been briefed thoroughly by the parties and *amici curiae* and was argued on March 11, 1981.

After examining the record and giving the matter due consideration we hold, by a unanimous court, the relator's writ of quo warranto shall be granted. The court finds the Act does not violate the Kansas Constitution Art. 2, § 1; Art. 2, § 16; Art. 2, § 21; or Art. 11, § 1. The court finds the purpose of the Act, and the rights and

powers of port authorities created under the Act, are limited to a "Port" as defined in K.S.A. 1980 Supp. 12-3401(*f*). The Legislature has failed to provide adequate definitions in the present Act to authorize the establishment of an industrial use facility independent of a "Port" as defined in K.S.A. 1980 Supp. 12-3401(*f*). The Legislature has failed to provide adequate guidelines in the present Act to authorize an industrial use facility independent of a "Port" as defined in K.S.A. 1980 Supp. 12-3401(*f*), which the respondent proposes in the stipulation of facts. The Legislature failed to provide sufficient guidelines in the present Act for the issuance of industrial revenue bonds by the port authority for an industrial use facility independent of a "Port" as defined in K.S.A. 1980 Supp. 12-3401(*f*).

The city of Kansas City, Kansas, in its Code of Ordinances, article XVIII, § 2-361 and § 2-362, adopted February 1, 1979, by Ordinance No. 59263, indicating a need for a port authority to function with all the duties and powers under the present Act, fails to specify the need for an industrial use facility in the Kansas City, Kansas Port Authority.

The respondent is prohibited from proceeding under the present Port Authorities Act with the proposed industrial use facility described in the stipulation of facts.

This brief opinion announcing the decision of the court will be supplemented by a formal opinion to be filed when it is prepared.

FROMME, J., not participating.

Pursuant to Article 3, section 6(*f*) of the Constitution of the State of Kansas, the Honorable William D. Clement, judge of the district court of the 8th Judicial District was assigned by the Chief Justice to participate in this court's decision in the foregoing case, *vice* Fromme, J.