No. 52,961

STATE OF KANSAS, *ex rel.,* NICK A. TOMASIC, WYANDOTTE COUNTY DISRICT ATTORNEY, *Relator,* v. KANSAS CITY, KANSAS PORT AUTHORITY, *Respondent.*

(630 P.2d 692)

Opinion on rehearing filed June 29, 1981. (For original opinion see *State ex rel. Tomasic v. Kansas City, Kansas Port Authority,* 229 Kan. 538, 626 P.2d 209, filed April 1, 1981.)

*Nick A. Tomasic,* district attorney, argued the cause for the relator.

*John A. Price,* of Weeks, Thomas & Lysaught, Chartered, of Kansas City, argued the cause, and *Leonard O. Thomas,* of the same firm, *Norman E. Gaar,* of Gaar & Bell, of Kansas City, Missouri, and *John F. Steineger, Jr.,* of Kansas City, were with him on the briefs for the respondent.

*David Schauner,* of Kansas National Education Association, of Topeka; *Patricia Baker,* of Kansas Association of School Boards, of Topeka; *Lana Jeanne Tyree* and *John F. Cooper,* of Oklahoma City, Oklahoma and *Robert Miller,* of Kansas City, all of Unified School District #203 of Wyandotte County, were on the brief for *amici curiae.*

The opinion of the court was delivered by

SCHROEDER, C.J.: Reconsideration of this quo warranto action comes before the court on a joint motion for rehearing or modification filed by both parties to the action. The original opinion, granting the State's writ of quo warranto, was announced April 1, 1981, in an abbreviated form and reported in 229 Kan. 538, 626 P.2d 209 (1981). Subsequent actions by the Kansas Legislature and the Board of Commissioners of the City of Kansas City, Kansas, significantly affected the basis for this court's prior decision, and the motion for rehearing was granted. A brief summary of events will clarify the issues as well as the interests of the various parties in them.

The original action in quo warranto was brought by Nick A. Tomasic, Wyandotte County District Attorney (relator), challenging the constitutionality of the Port Authorities Act, K.S.A. 12-3401 *et seq.,* as amended, and requesting the court to oust the Kansas City, Kansas Port Authority (respondent) of all rights, powers, and authority in violation of the constitution and laws of Kansas. Oral argument was set before this court for March 11, 1981. Motions to intervene in the action were filed by The Piper Area Association, Inc., on March 2 and by the Kansas National

Education Association and Unified School District No. 203 of Wyandotte County, Kansas, on March 6. Both motions were denied, but the movants were granted leave to file briefs *amici curiae.* On March 23, 1981, an application for leave to join the brief as *amicus* was granted to the Kansas Association of School Boards. After due consideration of arguments presented by the parties and *amici,* the court entered judgment for the relator in *State ex rel. Tomasic v. Kansas City, Kansas Port Authority,* 229 Kan. 538, as follows:

"The court finds the Act does not violate the Kansas Constitution Art. 2, § 1; Art. 2, § 16; Art. 2, § 21; or Art. 11, § 1. The court finds the purpose of the Act, and the rights and powers of port authorities created under the Act, are limited to a 'Port' as defined in K.S.A. 1980 Supp. 12-3401(*f*). The Legislature has failed to provide adequate definitions in the present Act to authorize the establishment of an industrial use facility independent of a 'Port' as defined in K.S.A. 1980 Supp. 12-3401(*f*). The Legislature has failed to provide adequate guidelines in the present Act to authorize an industrial use facility independent of a 'Port' as defined in K.S.A. 1980 Supp. 12-3401(*f*), which the respondent proposes in the stipulation of facts. The Legislature failed to provide sufficient guidelines in the present Act for the issuance of industrial revenue bonds by the port authority for an industrial use facility independent of a 'Port' as defined in K.S.A. 1980 Supp. 12-3401(*f*).

"The city of Kansas City, Kansas, in its Code of Ordinances, article XVIII, § 2-361 and § 2-362, adopted February 1, 1979, by Ordinance No. 59263, indicating a need for a port authority to function with all the duties and powers under the present Act, fails to specify the need for an industrial use facility in the Kansas City, Kansas Port Authority." (pp. 538-39.)

Subsequent to this decision, the Kansas Legislature amended K.S.A. 12-3401 *et seq.,* in L. 1981, ch. 76, effective April 18, 1981, which in turn led the Board of Commissioners of the City of Kansas City, Kansas: (1) to amend its Code of Ordinances, article XVIII, on April 20, 1981, to broaden the statement of declaration of need for the Kansas City, Kansas Port Authority consistent with the amended Act, L. 1981, ch. 76, § 2(a); and (2) to adopt a resolution on April 21, 1981, which determined a need for the G.M. project and approved the respondent's proceeding with the G.M. project, such proceeding to include the issuance of bonds by the respondent for the financing thereof. In the foregoing actions the Board of Commissioners implicitly ratified prior actions taken by the Port Authority in approving the G.M. project. Thereafter on the 21st day of April, 1981, the relator and respondent filed a joint motion for rehearing or modification which was granted on April 22, 1981, with leave to parties and *amici* to file

additional briefs. On May 6, 1981, one day prior to the oral argument on rehearing, *amici* filed a joint motion to intervene which was denied. They were, however, permitted to address the court orally at the rehearing and given extension of time in which to file their briefs.

On rehearing, relator and respondent agree defects in the Port Authorities Act have now been cured; *amici* continue to contend constitutional infirmity.

After due consideration of the entire record and all issues and arguments presented to the court by the parties and *amici,* we hold, by a unanimous court, K.S.A. 12-3401 *et seq.,* as amended in 1981 does not violate the Kansas Constitution Art. 2, § 1; Art. 2, § 16; Art. 2, § 21; or Art. 11, § 1. Specifically, with regard to Art. 11, § 1 and tax exemptions granted in the amended Act, the court finds no improper interference with the assessment and collection of taxes for the operation of public schools.

The court finds that infirmities in the statutory language which prevented establishment of an industrial use facility independent of a port under the Port Authorities Act prior to the 1981 amendment have been corrected by the Legislature. Under the Act as amended in 1981, definitions and guidelines clearly authorize establishment of an industrial use facility independent of a port, and sufficient guidelines have been enunciated by the Legislature for issuance of industrial revenue bonds by the Port Authority to finance such a facility.

The court further finds the Board of Commissioners of the city of Kansas City, Kansas, in amending its Code of Ordinances, article XVIII, by adoption of Ordinance No. 62827 on April 20, 1981, has adequately specified a need for an industrial use facility in the Kansas City, Kansas Port Authority.

As a result of the 1981 legislative amendments to the Port Authorities Act and the order of this court granting rehearing, additional challenges to the amended Act have been presented and fully briefed by the parties and *amici.* The decision of the court on those issues follows:

Statutory provisions granting tax exemption to port authority projects establish a classification which bears a rational relationship to the purpose of the legislation and does not violate the Equal Protection Clause of the United States Constitution. Fur-

thermore, there has not been a denial of due process under the Fourteenth Amendment of the United States Constitution.

The grandfather provisions of the Act as amended by the Legislature in 1981 relating to port authorities created prior to April 1, 1981, are not special legislation in violation of Art. 2, § 17 of the Kansas Constitution. Each provision fell within the legislative power under the Act prior to the 1981 amendment, but was inadequately expressed; the new grandfather provisions are curative amendments which retrospectively give approval to proceedings commenced prior to April 1, 1981.

The amended Act does not violate Art. 11, § 9 of the Kansas Constitution by involving the State in prohibited acts of internal improvement. Port authorities are created by a city or county, albeit with approval of the Legislature by concurrent resolution for those created after April 1, 1981. L. 1981, ch. 76, § 2(a). The acts of the port authority are not actions of the State.

After reconsidering this quo warranto action on rehearing, examining the record, and giving the matter due consideration in the light of subsequent actions by the Kansas Legislature and the Board of Commissioners of the City of Kansas City, Kansas, the relator's writ of quo warranto is denied.

A formal opinion, supplementing this opinion and the April 1 decision of this court reported at 229 Kan. 538, will be filed at a later date.

FROMME, J., not participating.

Pursuant to Article 3, section 6(f) of the Constitution of the State of Kansas, the Honorable William D. Clement, judge of the district court of the 8th Judicial District was assigned by the Chief Justice to participate in this court's decision in the foregoing case, vice Fromme, J.